Case 1:23-cr-00256-MLB-LTW   Document 1   Filed 08/08/23   Page 1 of 9

**ORIGINAL**



IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>TERESA D. CARTER | Criminal Indictment<br><br>No. **1:23CR0256** |

THE GRAND JURY CHARGES THAT:

### Counts One through Three
### (Mail Fraud)

1. From in or about July 2006 until in or about February 2021, in the Northern District of Georgia and elsewhere, Defendant, TERESA D. CARTER, knowingly devised and intended to devise a scheme and artifice to defraud the Social Security Administration (SSA), and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, and by omissions of material fact.

### Background

2. At all times relevant to this indictment:

   a. The SSA was an agency of the United States authorized to distribute monetary benefits to qualified recipients.

   b. The SSA administered the retirement benefits program under Title II of the Social Security Act, Title 42, United States Code, Section 402.

    c. Eligible retirees were entitled to receive monthly retirement benefits from the SSA after they reach age 62.

    d. If a beneficiary is not able to manage his own finances for any reason, the SSA will appoint a representative payee to receive the benefits on behalf of the beneficiary.

    e. The representative payee is required to use all of the benefits on the care and support of the beneficiary.

    f. The representative payee submits annual reports affirming that she spent all of the benefits on the care and support of the beneficiary.

    g. The SSA's regular practice is to issue benefit payments to beneficiaries in multiple forms. One such method of payment is through Direct Express debit cards. Comerica Bank, a bank that is headquartered in Dallas, Texas, provides Direct Express debit cards to customers who receive federal benefits for the exclusive purpose of having those benefits deposited onto the debit card.

    h. Defendant TERESA D. CARTER was F.H.'s daughter.

### Scheme and Artifice to Defraud

3. F.H. received retirement benefits from the SSA.

4. On or about August 30, 2004, the SSA appointed Defendant CARTER to be F.H.'s representative payee.

5. F.H.'s benefits were then direct deposited onto a Direct Express debit card that was in Defendant CARTER's name.

2

6. F.H. died on or about July 17, 2006.

7. Defendant CARTER did not report F.H.'s death to the SSA.

8. To obtain money that she was not entitled to, Defendant CARTER submitted fraudulent representative payee forms to the SSA (Form SSA-623-OCR-SA), which falsely asserted that F.H. was alive and that she spent F.H.'s Social Security benefits on his care and support, knowing that F.H. was not alive and that she did not spend the benefits on his care and support.

9. F.H.'s retirement benefits continued to be deposited onto the Direct Express card issued in Defendant CARTER's name after F.H.'s death even though they should have ceased.

10. On or about September 11, 2013, Defendant CARTER completed Form SSA-623-OCR-SA, a representative payee reporting form, in which she falsely stated that F.H. "continues to live" and that she spent $7,114 in benefits that she received on F.H.'s behalf for his care and support.

11. On or about October 23, 2015, Defendant CARTER completed Form SSA-623-OCR-SA, a representative payee reporting form, in which she falsely stated that F.H. "continues to live" and that she spent $7,952 in benefits that she received on F.H.'s behalf for his care and support.

12. On or about January 20, 2016, Defendant CARTER completed Form SSA-623-OCR-SA, a representative payee reporting form, in which she falsely stated that F.H. "continues to live" that she spent $7,952 in benefits that she received on F.H.'s behalf for his care and support.

13. On or about January 10, 2017, Defendant CARTER completed Form SSA-623-OCR-SA, a representative payee reporting form, in which she falsely stated that F.H. "continues to live" and that she spent $8,004 in benefits that she received on F.H.'s behalf for his care and support.

14. On or about September 15, 2017, Defendant CARTER completed Form SSA-623-OCR-SA, a representative payee reporting form, in which she falsely stated that F.H. "continues to live" and that she spent $8,004 in benefits that she received on F.H.'s behalf for his care and support.

15. On or about September 9, 2018, Defendant CARTER completed Form SSA-623-OCR-SA, a representative payee reporting form, in which she forged F.H.'s signature and falsely stated that F.H. "continues to live" and that she spent $8,004 in benefits that she received on F.H.'s behalf for his care and support.

16. On or about September 9, 2019, Defendant CARTER completed Form SSA-623-OCR-SA, a representative payee reporting form, in which she forged F.H.'s signature and falsely stated that F.H. "continues to live" and that she spent $8,076 in benefits that she received on F.H.'s behalf for his care and support.

17. On or about September 18, 2020, Defendant CARTER completed Form SSA-623-OCR-SA, a representative payee reporting form, in which she forged F.H.'s signature and falsely stated that F.H. "continues to live" and that she spent $8,144 in benefits that she received on F.H.'s behalf for his care and support.

18. In total, Defendant CARTER received and spent over $100,000 in benefit monies that she was not entitled to receive.

### Execution of the Scheme

19. On or about the dates listed below, in the Northern District of Georgia and elsewhere, Defendant, TERESA D. CARTER, for the purpose of executing and attempting to execute the scheme and artifice to defraud described above, such scheme and artifice having been knowingly devised and intended to be devised to defraud, and for the purpose of obtaining money and property by means of materially false and fraudulent pretenses, representations, and promises, as well as by omissions of material fact, with the intent to defraud, caused the documents identified below, each of which contained false information, to be delivered by the United States Postal Service and other private and commercial interstate carriers to the Social Security Administration, PO Box 6232, Wilkes-Barre, PA 18767-9979:

| Count | Date | Mailing |
|---|---|---|
| 1 | 09/09/2018 | Form SSA-623-OCR-SM (Representative Payee reporting form) |
| 2 | 09/09/2019 | Form SSA-623-O]CR-SM (Representative Payee reporting form) |
| 3 | 09/18/2020 | Form SSA-623-OCR-SM (Representative Payee reporting form) |

All in violation of Title 18, United States Code, Section 1341.

### Counts Four through Fifteen
### (Theft of Government Funds)

20. The Grand Jury re-alleges and incorporates by reference Paragraphs Two through Eighteen of this Indictment as if fully set forth herein.

21. On or about the dates specified below, in the Northern District of Georgia and elsewhere, Defendant, TERESA D. CARTER, knowingly and willfully stole, purloined, and converted to her use a thing of value of the United States exceeding the sum of $1,000, namely, payments issued to F.H. by the United States Department of Treasury, on behalf of the Social Security Administration, identified below:

| Count | Date | Amount |
|---|---|---|
| 4 | 10/03/2018 | $667.00 |
| 5 | 11/02/2018 | $667.00 |
| 6 | 01/03/2019 | $676.00 |
| 7 | 03/01/2019 | $676.00 |
| 8 | 06/03/2019 | $676.00 |
| 9 | 09/03/2019 | $676.00 |
| 10 | 01/03/2020 | $680.00 |
| 11 | 03/03/2020 | $680.00 |
| 12 | 05/01/2020 | $680.00 |
| 13 | 08/03/2020 | $680.00 |
| 14 | 12/31/2020 | $687.00 |
| 15 | 02/03/2021 | $687.00 |

All in violation of Title 18, United States Code, Section 641.

## Count Sixteen
## (Representative Payee Fraud)

22. The Grand Jury re-alleges and incorporates by reference Paragraphs Two and Eighteen of this Indictment as if fully set forth herein.

23. From at least in or about August 2018 until in or about February 2021, in the Northern District of Georgia and elsewhere, Defendant, TERESA D. CARTER, having made application to receive payment under Title 42, Chapter 7, Subchapter II of the United States Code, for the use and benefit of another, and having received such payments, knowingly and willfully converted such payments, and any part thereof, to a use other than for the use and benefit of such other person.

All in violation of Title 42, United States Code, Section 408(a)(5).

## Forfeiture Provision

24. Upon conviction of one or more of the offenses alleged in Counts One through Fifteen of this Indictment, Defendant, TERESA D. CARTER, shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461, any property, real or personal, which constitutes or is derived from proceeds traceable to the commission of the offenses. The forfeited property includes, but is not limited to, the following:

> MONEY JUDGMENT: A sum of money in United States currency, representing the amount of proceeds obtained as a result of the offenses alleged in Counts One through Fifteen of this Indictment.

25. If, as a result of any act or omission of the defendant, any property subject to forfeiture:

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third party;

   c. has been placed beyond the jurisdiction of the Court;

   d. has been substantially diminished in value; or

   e. has been commingled with other property which cannot be divided without difficulty;

the United States intends, pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property.

A __True__ BILL

_____
FOREPERSON

RYAN K. BUCHANAN
*United States Attorney*

/s/ Diane C. Sch
DIANE C. SCHULMAN
*Special Assistant United States Attorney*
Georgia Bar No. 497764

600 U.S. Courthouse
75 Ted Turner Drive SW

Atlanta, GA 30303
404-581-6000; Fax: 404-581-6181